## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicholas M. Alexakis, | Civ. No. 19-3008 (WMW/BRT) |
| Petitioner, | |
| v. | |
| Warden, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

This action comes before the Court on Petitioner Nicholas M. Alexakis's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. No. 1, Pet.) For the reasons given below, this Court recommends dismissing this action without prejudice for lack of jurisdiction.

Alexakis filed the Petition on December 2, 2019. (*Id.* at 1.[1]) Alexakis is presently incarcerated at the Federal Prison Camp in Duluth, Minnesota. When he was found possessing a cellular telephone—a violation of Federal Bureau of Prison rules—authorities reduced his good-conduct time by 41 days and fined him $500.00. (*Id.* at 2.) The Petition does not challenge the loss of good-conduct time; instead, Alexakis challenges only the fine, which he considers excessive. *(Id.* at 7.)

In an order dated January 17, 2020, this Court ordered Alexakis to inform the Court whether he wished to proceed in this action as a civil litigant rather than a habeas

---

[1] References to the Petition use the page numbers provided by the Court's CM/ECF filing system.

petitioner. (*See* Doc. No. 3, Ord. 2–3.) The Court gave Alexakis until February 16, 2020, to inform the Court of his decision, failing which this Court would treat this action as a habeas petition and recommend dismissing it without prejudice for the following reasons:

> A petition for a writ of habeas corpus is an attack on the legality of custody. As such, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Alexakis does not contend that his term of custody is unlawful; instead, Alexakis seeks the return of money that he believes was taken from him without adequate lawful basis. This claim is more appropriately brought in a civil lawsuit under [*Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] or a similar cause of action.

(*Id.* (footnote omitted).) This issue is jurisdictional: if one raises nonhabeas claims in a § 2241 petition, a district court lacks jurisdiction over those claims. *See, e.g.*, *Kruger*, 77 F.3d at 1073; *Liban M.M. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1732 (JRT/TNL), 2019 WL 2331642, at *3 (D. Minn. Apr. 11, 2019), *report and recommendation adopted*, 2019 WL 2329655 (D. Minn. May 31, 2019).

Alexakis's deadline has passed, and he has not indicated to the Court how he would like to proceed with this action. Indeed, Alexakis has not communicated with the Court about this case at all since commencing it. Accordingly, this Court will now treat this action as a habeas petition—and for the reasons set forth above, the Court recommends dismissing this action without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: April 20, 2020              *s/ Becky R. Thorson*
                                   BECKY R. THORSON
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).